IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV134-1-MU

| | |
|---|---|
| ANTHONY D. DAYE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ALVIN KELLER, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed November 20, 2009.

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, district courts are directed to promptly examine federal habeas petitions and any attached exhibits in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. Following such directive, this Court has reviewed Petitioner's federal habeas petition and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claim.

## PROCEDURAL HISTORY

According to Petitioner, on May 8, 2006, after trial by jury, Petitioner was convicted in Iredell County Superior Court for attempted armed robbery, assault with a deadly weapon inflicting serious injury, two counts of attempted common law robbery, and possession of a

firearm by a felon. That same day, Petitioner was sentenced to 100 to 138 months imprisonment. Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. On June 4, 2007, the court of appeals dismissed Petitioner's appeal. Petitioner filed a petition for discretionary review with the North Carolina Supreme Court which was denied on March 6, 2008.

On his federal habeas petition, Petitioner indicates that he filed a Motion for Appropriate Relief (MAR) with the Iredell Superior Court on June 6, 2008. According to Petitioner, his MAR was denied that same day. Petitioner also indicates on his federal habeas petition form that he filed a petition for discretionary review with the North Carolina Supreme Court which was filed on August 10, 2007, and denied on March 7, 2008. Petitioner has also attached copied of various state court orders to his federal habeas petition. Given the information and documents provided by Petitioner, it is difficult to discern the precise path of Petitioner's collateral review process in state court. Nevertheless, this Court will, for initial review purposes, address Petitioner's federal habeas claims.

On November 20, 2009, Petitioner filed the instant federal habeas petition raising four claims. More specifically, Petitioner alleges that: 1) a fatal variance existed between his indictment and the evidence at trial; 2) the trial court lacked jurisdiction on the attempted robbery charges because of fatal defects in the indictment; 3) the trial court erred in admitting evidence of the guns when there was no evidence connecting the guns to the crime; and 4) the trial court lacked subject matter jurisdiction over Petitioner.

# APPLICABLE LAW

## A. STANDARD OF REVIEW UNDER 28 U.S.C. § 2254

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews questions of law and mixed questions of law and fact de

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

4

**PETITIONER'S CLAIMS**

A. **FATAL VARIANCE**

Petitioner alleges that a fatal variance existed between the indictments and the evidence at trial. In support of his claim, Petitioner cites to his appellate brief.

It is well-settled law that a misapplication of state law does not entitle a prisoner to federal habeas review. In order to state a ground for relief, a clearly established federal right violation must be alleged. See Estelle v. McGuire, 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Thomas v. Taylor, 170 F.3d 466 (4th Cir. 1999)(a claim that an act of the state legislature had been misconstrued is not cognizable on federal habeas review).

Petitioner's fatal variance claim is a state law claim. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985)(variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process).[2] The fact that Petitioner's appellate brief on this issue and the State's responding brief only cited state law with regard to this issue further supports the conclusion that Petitioner's fatal variance claim is a state law claim. See 2007 WL 518717 (Feb. 5, 2007) and 2007 WL 832125 (Mar. 6, 2007). Moreover, the court of appeals decided the issue by exclusively applying state law. State v.

---

[2] The Court notes that Petitioner makes no allegation, and after reviewing the record the Court finds no support for a conclusion, that the alleged deficiency made the trial so egregiously unfair as to amount to a deprivation of due process.

Daye, 184 N.C. App. 758, (2007). Finally, Petitioner presents the instant variance claim solely by referencing his state appellate brief. Consequently, Petitioner's fatal variance claim is dismissed.

Moreover even if Petitioner's fatal variance claim were somehow construed as a federal claim, Petitioner raised this same claim on direct appeal where it was denied. In denying this claim, the North Carolina Court of Appeals stated that:

> Defendant argues that the evidence at trial was that no property was stolen, taken or carried away from the alleged victims, and thus, this variance between the allegations of the indictment and the evidence at trial should have resulted in a dismissal of these charges at the close of the State's evidence.
>
> " ' "Where a statute sets forth disjunctively several means or ways by which the offense may be committed, a warrant thereunder correctly charges them conjunctively." ' " *State v. Armstead*, 149 N.C. App. 652, 654, 562 S.E.2d 450, 452 (2002)(citations omitted). " 'The indictment should not charge a party disjunctively or alternatively, in such a manner as to leave it uncertain what is relied on as the accusation against him.' " *Id.* at 654-55, 562 S.E. 2s at 452 (citation omitted). "' The proper way is to connect the various allegations in the indictment with the conjunctive term "and," and not with the word "or." ' " *Id.* at 655, 562 S.E.2d at 452 (citation omitted). In addition, "[t]he purpose of . . . [an] indictment is to put the defendant on notice of the offense with which he is charged and to allow him to prepare a defense to that charge." *State v. Lancaster*, 137 N.C. App. 37, 48, 527 S.E.2d 61, 69, *disc. rev. denied*, 352 N.C. 680, 545 S.E.2d 723 (2000). Here, the indictment cited N.C. Gen. Stat. § 14-87, so defendant was on notice. Accordingly, we disagree with defendant.

State v. Daye, 184 N.C. App. 758 (2007). Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner does not meet his burden.

**B. <u>DEFECTIVE INDICTMENT</u>**

Petitioner alleges that his Indictment was defective with regard to his attempted robbery charges. More specifically, Petitioner alleges that his indictment was "fatally defective when there is an insufficient description and failure to allege that property was taken."

As stated previously, a misapplication of state law does not entitle a prisoner to federal habeas review. In order to state a ground for relief, a clearly established federal right violation must be alleged. See <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); <u>Thomas v. Taylor</u>, 170 F.3d 466 (4th Cir. 1999)(a claim that an act of the state legislature had been misconstrued is not cognizable on federal habeas review).

Again, Petitioner's unlawful indictment allegation is a state law claim. See <u>Ashford v. Edwards</u>, 780 F.2d 405, 407 (4th Cir. 1985)(Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process).[3] Again, an examination of Petitioner's appellate brief on this issue and the State's responding brief reveals that only state law was cited with regard to this issue. See 2007 WL

---

[3] The Court notes that Petitioner makes no allegation, and after reviewing the record the Court finds no support for a conclusion, that the alleged deficiency made the trial so egregiously unfair as to amount to a deprivation of due process

518717 (Feb. 5, 2007) and 2007 WL 832125 (Mar. 6, 2007). Moreover, the court of appeals decided the issue by exclusively applying state law. State v. Daye, 184 N.C. App. 758, (2007).

Moreover even if Petitioner's defective indictment claim were somehow construed as a federal claim, Petitioner raised this same claim on direct appeal where it was denied. In denying this claim, the North Carolina Court of Appeals stated that:

> Here the indictments were sufficient. . . . They clearly illustrate that the alleged crime was committed by means of an assault with the use or threatened use of a firearm. In addition, although the language is somewhat vague regarding the property which defendant attempted to steal, the indictments clearly state the property had an "unknown value" which can be interpreted as the property having some value. Further, the evidence shows that the perpetrators demanded money, drugs, or "anything." It is difficult to put a value on property when the perpetrators were so vague as to what exactly they wanted. Accordingly, we disagree with defendant.

State v. Daye, 184 N.C. App. 758 (2007). Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner does not meet his burden.

## C. ERRONEOUSLY ADMITTED EVIDENCE

Petitioner also alleges that the trial court erred when it admitted into evidence, over the objections of defense counsel, evidence regarding the guns when there was no evidence connecting the guns to the crime.

Again, a misapplication of state law does not entitle a prisoner to federal habeas review.

In order to state a ground for relief, a clearly established federal right violation must be alleged. See Estelle v. McGuire, 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Thomas v. Taylor, 170 F.3d 466 (4th Cir. 1999)(a claim that an act of the state legislature had been misconstrued is not cognizable on federal habeas review).

Again, Petitioner's erroneous admission of evidence claim is also a state law claim. See Barbe v. McBride, 521 F.3d 443 (4th Cir. 2008)("we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.").[4] Again, a review of Petitioner's appellate brief on this issue and the State's responding brief reveals that only state law was cited with regard to this issue. See 2007 WL 518717 (Feb. 5, 2007) and 2007 WL 832125 (Mar. 6, 2007). Moreover, the court of appeals decided the issue by exclusively applying state law. State v. Daye, 184 N.C. App. 758, (2007).

Moreover, even if Petitioner's evidentiary claim were somehow construed as a federal claim, Petitioner raised this same claim on direct appeal where it was denied. In denying this claim, the North Carolina Court of Appeals stated that:

> At trial, the court allowed the admission of two guns, along with pictures of the guns, found approximately three or four minutes from the scene of the crime. Defendant argues that there was no evidence tying the guns to the crime. However, even assuming arguendo that it was error to admit this evidence, we hold that it

---

[4] Petitioner makes no such allegation, and after reviewing the record the Court finds no support for the conclusion that the admission of evidence about the guns resulted in an error so extreme as to result in the denial of a constitutionally fair proceeding.

> was not prejudicial in light of the overwhelming evidence presented by the State. After reviewing the record and transcript in this case, we are unpersuaded that, but for this evidence, defendant would have been acquitted of the crimes charged. *See* N.C. Gen. Stat. § 15A-1443(a)(2005). Accordingly, we disagree with defendant.

State v. Daye, 184 N.C. App. 758 (2007). Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner does not meet his burden.

## D. **LACK SUBJECT MATTER JURISDICTION**

Petitioner also alleges that the Superior Court did not have proper subject matter jurisdiction over him. More specifically, Petitioner argues that the "North Carolina General Statutes fail to adher to several constitutional provisions of the North Carolina Constitution. Article 2 sec. 21 of the N.C. Constitution requires that the criminal laws of this state be enacted (none of Chapter 15, the criminal code of N.C. has not been enacting). None of the General Statutes of N.C. for any year under the Structured Sentencing Act contain any enacting clause."

Petitioner admits that he did not raise this claim on direct review or in his post-conviction motions. If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. § 15A-1419. The procedural default rule of § 15A-

1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner asserts that he did not previously raise this claim because he just discovered the legal basis for this claim. Such a contention does not establish cause so as to excuse procedural default.[5] Consequently, this Court holds that Petitioner's claim is procedurally defaulted.

Moreover, even if this claim were not defaulted it would be dismissed as a state law issue not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Thomas v. Taylor, 170 F.3d 466 (4th Cir. 1999)(a claim that an act of the state legislature had been misconstrued is not cognizable on federal habeas review).

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is

---

[5] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise this claim constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

**DISMISSED**; and

    2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

    Signed: December 14, 2009

Graham C. Mullen
United States District Judge